# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH McDANNELL, | : CIVIL NO. 1:07-CV-1821 |
| Plaintiff | : Yvette Kane |
| | : Chief United States District Judge |
| v. | : |
| | : J. Andrew Smyser |
| THOS. SOMERVILLE COMPANY, | : Magistrate Judge |
| Defendant. | : |

## PLAINTIFF'S BRIEF IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION

**AND NOW,** comes the Plaintiff Kenneth McDannell, by and through his attorneys William A. Mitchell, Esquire and W. Patric Boyer, Esquire, who files Plaintiffs this Brief in Opposition to the Report and Recommendation of Magistrate Judge Smyser pursuant to 28 U.S.C. § 636 (b)(1), F.R.C.P. 72(b) and LR 72.3 and in support thereof, offers the following:

### I. PROCEDURAL HISTORY

The above action was filed initially in the Court of Common Pleas of Franklin County, Pennsylvania. Due to the fact that Plaintiff and Defendant are citizens of different states, diversity jurisdiction was exercised and the case was appropriately removed to Federal court. A Rule 12(b) Motion to Dismiss was filed by Defendant citing

1

various issues to the affect that Plaintiff was an "at- will" employee and therefore, could be terminated for any reason. It was also alleged that Plaintiff was terminated for safety reasons not for the filing of compensation claims. A Response thereto was filed stating that the termination of employment was, in fact, the result of Plaintiff's filing workers' compensation claims and therefore, said termination was in violation of public policy considerations. After argument, the Motion to Dismiss was denied.

Discovery ensued with various depositions taken by the parties. Additionally, interrogatories were served an appropriately answered. a Motion for Summary Judgment was filed by Defendant with the Magistrate Judge granting same. These Objections to the Magistrate Judge's Report and Recommendation with supportive Brief follow.

## II  STATEMENT OF THE FACTS

Plaintiff began his employment with the Defendant in November of 1999 working as a driver at the Chambersburg, Pennsylvania branch. At the time of his employment he was advised concerning the filing of workers' compensation claims.

On or about April 7, 2007, the Plaintiff was terminated from his employment with the Defendant. The Plaintiff was given as a basis for his termination the filing of workers' compensation claims and the occurrence of one damage causing incident. References contained herein are Exhibits attached hereto and attached to the Brief in Opposition to the Motion for Summary Judgment.

In response to a request by this Counsel, Counsel for Defendant supplied a letter, dated July 19, 2007, citing as a basis for the discharge, the seven (7) workers' compensation claims filed as well as the damage causing incident of April 2, 2007.

(Exhibit 7) In both the McDannell Deposition and the Deposition of Rob Ward, Plaintiff's Supervisor, (Exhibit 1, pp. 35- 36, 86-88, 95-96; Exhibit 2, pp. 16, 18-19) it was established that the basis for termination was the filing of Workers' Compensation Claims (Exhibit 7).

Additionally, on or about February 21, 2007, an employment policy was created whereby various warnings were to be given relative to preventable accidents and/or injuries, prior to a termination. The only accident/incidents under the context of this employment policy was the incident of April 2, 2007. Despite this Policy, Plaintiff was terminated after only one (1) accident.

The Plaintiff's accident history is not in dispute and is appropriately contained in the letter of July 19, 2007.

In late 2006 and early 2007, a Defendant Policy (Exhibit 6) was created that emphasized safety within the workplace. This Policy offered a multi tiered reprimand situation in which after a designated number of incidents, a party may be appropriately discharged. The policy indicated "any employee having three (3) accidents within a three (3) year period or less may be immediately released from their job". (Exhibit 2, 22-28; Exhibit 6)

The first tier of discipline was an oral reprimand with the second tier a written reprimand. A third incident ,within a three (3) year period, would result in termination. (Exhibit 6).

This Policy was adopted late afternoon on February 21, 2007, right after Plaintiff's seventh (7th) compensation claim. The seventh (7th) compensation claim occurred early on February 21, 2007, with no injuries sustained and no time lost.

3

Contrary to its previously stated Policy, Plaintiff was terminated on April 5, 2007.

### III  STATEMENT OF THE QUESTIONS INVOLVED

**Defendants' Motion for Summary Judgment Should not be Granted because the Magistrate Judge failed to view the facts alleged in Plaintiff's Complaint and in documents attached or made part of the record, in a light most favorable to the non-moving party, and failed to offer the Plaintiff all reasonable inferences therefrom:**

(a)  Defendant's Motion for Summary Judgment should not be granted because the Magistrate Judge failed to take into appropriate consideration the letter of July 19, 2007 which established the basis of the discharge.

(b)  Defendant's Motion for Summary Judgment should not be granted because the Magistrate Judge failed to take into appropriate consideration the public policy issue created by *Shick v. Shirey 552 Pa. 590, 716 A. 2d 1231 (1998)* relative to the termination of employees for the filing of workers' compensation claims

(c)  Defendant's Motion for Summary Judgment should not be granted because the Magistrate Judge failed to take into consideration the preventable accident policy created by Defendant.

(d)  Defendant's Motion for Summary Judgment should not be granted because the Magistrate Judge did not take into appropriate consideration the testimony of Plaintiff and Rob Ward, Plaintiff's Supervisor

### IV  LEGAL ARGUMENT

Summary Judgment will not lie if there exits a genuine dispute as to any material fact. A issue of fact is genuine only if a reasonable jury, considering the evidence presented, could find for the non-moving party. F.R.C.P 56.1, and *Tigg v. Dow Corning Corp.* 882 F. 2d, 358, 361 (3rd Cir. 1987); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If a conflict arises between the evidence presented by both sides, the

4

Court must except as true the allegations of a non-moving party. *Anderson, supra at 255, and Baker v. Lukens Steel Company, 793 F. 2d 509, 511 (3rd Cir. 1986).*

Issue (a)

In the case at hand, Plaintiff, through the facts contained in his Complaint and the documents that are attached thereto, the discovery conducted and in the Motion in Opposition to Summary Judgment, has demonstrated that there are material or genuine facts presented whereby a reasonable jury could find for the non-moving party. Plaintiff was discharged from his employment with the Defendant because he had filed seven (7) workers' compensation claims over the term of his employment. (Exhibit 7). The documents attached to the Plaintiff's Complaint and a depositions taken of Plaintiff and Rob Ward, the Supervisor for Plaintiff, clearly demonstrate that there does exist facts in dispute.

Plaintiff's Exhibit "A", attached to his Complaint and to the Brief in Opposition To Motion for Summary Judgment, is a letter (Exhibit 7) from Defendant's Counsel sent to Plaintiff's Counsel, dated July 19, 2007, which states, in the opinion of Defendant's Counsel, the reasons for Plaintiff's discharge. This letter specifically sights seven (7) workers compensation claims filed during Plaintiff's employment by the Plaintiff and contends that the record demonstrates that Plaintiff has a history of injuring himself and putting others at risk of injury and has a history of causing property damage. Counsel offers the specific date, type of injury suffered by Plaintiff and how long he was off work for each claim. No where in this letter does Counsel offer specific dates as to when Plaintiff put other employees at risk or state any specific damage caused to the Defendant.

Defendant also contends Plaintiff was terminated because he was an unsafe employee, a danger to others or caused damage to Defendant's property. Defendant did not produce any specific evidence that the Plaintiff was an unsafe employee, was a danger to other employees or caused damage to Defendant. There was no history, as stated by Defendant, proven either through facts or documents, to establish that premise.

Therefore the only inference that can be drawn from the contents of this letter, is that Plaintiff had filed too many Workers' Compensation Claims and was terminated because of same.

As such, the Report of the Magistrate Judge should be rejected. There being genuine and material facts at issue relative to this claim, the Report of the Magistrate Judge should be rejected.

## Issue (b)

In Pennsylvania, an "at-will" employee can be discharged for any reason or no reason at all. However, over the years there has been created various exceptions to an "at-will" discharge. In the case of <u>Shick v. Shirey, 551 Pa. 590 716 A.2d 1231 (1997),</u> the Supreme Court held that a valid public policy concern exists if a termination is based upon the filing of a workers' compensation claim. (*id.* at p. 1238). This public policy concern in Pennsylvania is based upon the premises that an employee working in Pennsylvania has the right to file a workers' compensation claim for a work related injury. In fact, the filing of a workers' compensation claim is the only recourse or protection that an employee, who has suffered an injury, has against an employer to secure the payment of medical bills and lost wages. Therefore, any hindrance to such a filing or any suggestion that the a filing could lead to a termination would limit the

public policy concerns established by _Shick._  See also, _Rothrock v Rothrock Motor Sales,_ 584 Pa. _Super. 297, 883 A. 2d 511(2005)_ ;, _Griesbaum v. Aventis Pharmaceuticals,_ 2006 U.S. Dist LEXIS 68710 (M.D. Pa. 2006); _Dunsmuir v May Department Stores Company,_ 120 Fed. Appx 927, 929, 2005 U.S. app. LEXIS 1553 (3rd Cir. 2005).

Various other public policy concerns have been sited as an exception to the "at-will" discharge rule. See _Carlson v. Community Ambulance, Inc., 824 A. 2d 1228 (Pa. Super. 2003),_ wherein the Superior Court applied a case by case analysis to public policy considerations. In _Highhouse v. Avery Transportation, 660 A. 2d 1374 (Pa. Super. 1995)_ this public policy consideration was extended to the filing of Unemployment Compensation Claims. Over the years various other concerns have been included within this public policy exception, i.e., jury duty and whistle blowing.

In this case, the Plaintiff is not an "at-will" employee. The exception found in _Shick_ gives him protection as to his filing of workers' compensation claims. The contents of the letter of July 19, 2007 and the testimony given by Ward place the Plaintiff into the category of a protected employee. A factual issue has been created.

The Defendant takes great pain in emphasizing that, as to _Shick,_ the discharge must be specific, i.e., that it was for the filing of a workers' compensation claim. In fact, the decision in _Shick_ does not limit its application to specific language and in fact, at page 1238, the Supreme Court stated, "Accordingly, we hold that a cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a claim for workers compensation benefits". Clearly the Court, in _Shick,_ stands for the proposition that if an employee is terminated for filing workers' compensation claims, that discharge is "wrongful" under the circumstances.  The _Shick_ decision should not be construed

strictly or in a limited fashion. As such, the Magistrate Judge's Report should be rejected. There being genuine and material facts in dispute relative to this action the report of the Magistrate Judge should be rejected.

## Issue (c)

Defendant presented evidence of the creation of a "preventable accident policy" that was presented to all employees on February 21, 2007, less than two (2) months prior to Plaintiff's discharge. Defendant argues that the Policy was established for the disposition of accidents. A question arises as to what specific kind of accidents were being referenced. The Policy states;

> "if an employee has one (1) preventable accident within three (3) years they will receive an official reprimand. When an employee has had two (2) preventable accidents within a three (3) year period they will receive a written reprimand from the supervisor. An employee having three (3) accidents within a three (3) year period or less may be immediately released from the job".

The evidence presented showed that this Policy was not considered as being "retroactive", either by the employees or supervisors. See, deposition testimony of Ward, pp. 27-28 (Exhibit 2) and Reinick, pp, 18-10.

The only incident involving the Plaintiff that could be considered under this Policy, was the April 2, 2007 damage to a customers electric meter box. Five days after this incident Plaintiff was terminated. This Policy could not be used by Defendant to discharge Plaintiff. Plaintiff never received either an official reprimand or any written reprimand from the Defendant. To follow through with a termination, according to this Policy, Defendant had to provide Plaintiff various reprimands and none was ever received. The only inference that can be drawn from Defendant's argument is that the Plaintiff was discharged for the incident of April 2, 2007.

This again was pretextual in that the true reason was the filing of workers' compensation claims. There being genuine and material facts in dispute relative to this action the Report of the Magistrate Judge should be rejected.

Issue (d)

In the Deposition of Rob Ward, a Supervisor of the Defendant, he stated at Page 18 ( Brief, Exhibit 2) the following:

> Q. Was anything said concerning workers' compensation?
> A. Well, I guess it transposed into, you know, workman compensation, you know, because Ken said something like what do they mean safety record because I think he said something like I haven't had any truck accident or anything like that, you know. And I think as far as I know I'm pretty sure Steve said, well, probably because of your claims or something like that.
> Q. By your claims you mean what?
> A. I guess Workers' Comp.

The deposition testimony of Plaintiff also states that Reinick had informed him that the basis for discharge was the filing of claims.

The only conclusion that can be drawn from Plaintiff and Ward's testimony, in the light most favorable to the non-moving party, is that Plaintiff had been terminated as the result of his filing of workers' compensation claims. Also it can be inferred from this testimony, that Steve Reinick, Ward's supervisor, believed that Plaintiff had been terminated due to his claims.

The discharge of Plaintiff for safety reasons is pretextual in that the true reason for the discharge was the filing of workers' compensation claims. There being genuine and material facts in dispute relative to this action the report of the Magistrate Judge should be rejected.

## **V. CONCLUSION**

The Magistrate Judge is to determine if there exists fact's in dispute considering at all evidence in the light most favorable to Plaintiff. In his Report, the Magistrate Judge does not even discuss nor relate to the letter of July 19, 2007, written by Defendant's Counsel, or even consider the inferences that can be drawn from the testimony of Ward a Plaintiff's Supervisor.

If the Magistrate Judge had examined all the facts and the relevant evidence presented by Plaintiff, and the inferences drawn from that evidence and documents, he should have held that Plaintiff is not an "at- will" employee, but comes under the exceptions of the public policy concerns in *Shick* therefore, should not have been terminated for filing workers' compensation claims.

As such, the Report and Recommendation must be rejected because it did not view all the relevant evidence and documents and all inferences drawn therefrom in a light most favorable to the Plaintiff.

WHEREFORE, the Plaintiff prays your Honorable Court to grant the relief indicated above.

Respectfully submitted,


By:     /s/ William A. Mitchell, Esquire
        William A. Mitchell, Esquire
        Pa. I.D. # 15124
        W. & M., Inc.
        8 East Pine Street
        Washington, Pa 15301
        (724) 228-1300
        (724) 228-9099 (fax)
        tanner@pulsenet.com. (E-mail)


By:     /s/ W. Patric Boyer, Esquire
        W. Patric Boyer, Esquire
        Pa. I.D. #26650
        8 East Pine Street
        Washington, Pa 15301
        (724) 225-6522
        (724) 225-1365 (fax)
        wpboyer@yahoo.com.  (E-mail)

## CERTIFICATE OF SERVICE

William A. Mitchell and W. Patric Boyer, herby certify that on this 2nd day of October, 2008, a true and correct copy of the foregoing Brief in Support of Objections to Report and Recommendations was served via the Electronic Filing System on the following:

        Douglas M. Topolski, Esquire
        McGuire Woods, LLP
        7 St. Paul Street, Suite 1000
        Baltimore, Maryland 21202


        Charles T. Young, Jr., Esquire
        McNees Wallace & Nurick LLC
        P O Box 1166, 200 Pine Street
        Harrisburg, Pennsylvania 17108


        By:_____/s/ William A. Mitchell
               William A. Mitchell, Esquire


        By:_____/s/ W. Patric Boyer
               W. Patric Boyer, Esquire

## RULE 7.8(b) CERTIFICATE

In accordance with the Court's Order of July 14, 2008, and M.D. Pa. LR 7.8(b)(2), I hereby certify that the foregoing Brief, including footnotes, consists of 2,795 words as calculated by the Word Count feature of Microsoft Word.

By: /s/ William A. Mitchell, Esquire
William A. Mitchell, Esquire
Pa. I.D. # 15124
W. & M., Inc.
8 East Pine Street
Washington, Pa 15301
(724) 228-1300
(724) 228-9099 (fax)
tanner@pulsenet.com. (E-mail)

By: /s/ W. Patric Boyer, Esquire
W. Patric Boyer, Esquire
Pa. I.D. #26650
8 East Pine Street
Washington, Pa 15301
(724) 225-6522
(724) 225-1365 (fax)
wpboyer@yahoo.com. (E-mail)

Attorneys for Plaintiff