# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH McDANNELL, | : |
|     Plaintiff | : Civil Action No. 1:07-CV-1821 |
| | : (Chief Judge Kane) |
| v. | : |
| THOS. SOMERVILLE CO., | : |
|     Defendant | : |

## MEMORANDUM

**I.    INTRODUCTION**

In this action, Plaintiff alleges that Defendant terminated his employment in retaliation for his filing worker's compensation claims, and that the termination therefore constituted unlawful discharge under Pennsylvania law. After removing the action to this Court on the basis of diversity jurisdiction, Defendant moved for summary judgment. (Doc. No. 30.) The matter was referred to Magistrate Judge J. Andrew Smyser, who issued a report and recommendation recommending that the motion for summary judgment be granted. (Doc. No. 42.) Plaintiff filed objections to the report and recommendation, and Defendant filed a brief in response. (Doc. Nos. 43, 44, and 47.) The motion for summary judgment is now ripe for disposition. Following consideration of the report and recommendation and Plaintiff's objections thereto, and following an independent examination of the evidence submitted by the parties, the Court finds Defendant is entitled to summary judgment on Plaintiff's claim. The Court's decision is explained below.

**II.    BACKGROUND**

The undisputed facts relevant to Plaintiff's claims and Defendant's motions show that Plaintiff was employed by Defendant as a truck driver from in or around November 1999 until

his employment was terminated on April 6, 2007. Between November 1999 and January 25, 2005, Plaintiff was involved in six accidents in which he injured himself, resulting in his missing more than one year of work. Plaintiff filed workers' compensation claims following each of these accidents and received workers' compensation benefits. The evidence shows that Plaintiff was permitted to return to work without any penalty following the accidents and after receiving workers' compensation benefits.

In 2007, Plaintiff was involved in another two accidents, on February 21 and again on April 2. Plaintiff did not seek workers' compensation for injuries sustained in either of these accidents.

On or about February 21, 2007, Defendant issued a policy that provided, among other things, that an employee found to have had three accidents within a three-year period or less could be immediately discharged from his employment. Although Plaintiff presented evidence from supervisory employees that they did not believe the policy was retroactive in scope (i.e., to take into account preventable accidents that occurred prior to the policy's enactment), it is undisputed that decisions regarding the policy's application and the determination of policy violations were made at the corporate level. One of Defendant's Vice Presidents charged with interpreting the preventable accident policy, Bruce Levingston, attested that the policy was to be applied retroactively.

On or about April 6, 2007, Plaintiff was notified that his employment was being terminated because he had been found to have had three preventable accidents within a three-year period. The evidence shows that the decision to terminate Plaintiff's employment rested with Vice Presidents Bruce Levingston and Douglas Riley. Plaintiff's immediate supervisors, Steve

Reinick and Robert Ward, a branch manager and warehouse manager, respectively, did not participate in the decision to terminate Plaintiff's employment.

### III.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court may designate a magistrate judge to consider pretrial motions such as a motion for summary judgment and to submit recommendations regarding the disposition of such motions. Following the issuance of a report and recommendation, the Court reviews de novo those portions of the report to which a party objects. 28 U.S.C. § 636(b)(1)(C). Following such review, the Court may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. Id.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). A factual dispute is material if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 249. The evidence presented must be viewed in the light most favorable to the non-moving party. Id. The inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Childers v. Joseph, 842 F.2d 689, 694 (3d Cir.

1988).  Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, the nonmoving party may not simply sit back and rest on the allegations in the complaint.  Instead, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted).  The evidence must be viewed in the light most favorable to the nonmovant.  See Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial."  Celotex, 477 U.S. at 322.

With respect to the sufficiency of the evidence that the nonmoving party must provide, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory or speculative.  Anderson, 477 U.S. at 249-50.  There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts.  Id. at 252; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## IV. DISCUSSION

Plaintiff asserts four objections to the report and recommendation.  Each will be addressed separately below.

### A. Objection No. 1: The Magistrate Judge Failed to Consider Adequately a Letter Dated July 19, 2007, from Defendant's Counsel to Plaintiff's Counsel Explaining the Basis for Plaintiff's Termination.

It appears that Plaintiff's first contention is that Magistrate Judge Smyser failed to

consider the evidentiary significance of a letter from Defendant's counsel to Plaintiff's counsel dated July 19, 2007, in which counsel sets forth Defendant's justification for terminating Plaintiff's employment. Plaintiff seems to argue that because counsel identified numerous specific instances of Plaintiff's workplace injuries but fails to include specificity regarding the times that Plaintiff was found to have put other employees at risk or caused damage to Defendant's business, that "the only inference that can be drawn from the contents of [the] letter" is that Plaintiff was terminated for filing numerous workers' compensation claims. (Doc. No. 44, at 6.) The Court disagrees.

As an initial matter, the Court questions the evidentiary value of a letter from outside counsel written in an effort to dissuade Plaintiff from bringing claims, particularly where Plaintiff acknowledges that the letter represents only "the opinion of Defendant's Counsel . . . ." (Doc. No. 44, at 5.) More fundamentally, Plaintiff's reading of the letter, and the import he derives from it, is unreasonable. The letter expressly states that "[Plaintiff's] filing workers' compensation claims, as the record reveals, had nothing whatsoever to do with this decision [to terminate his employment]." (Doc. No. 34, Ex. 7, Letter from Douglas M. Topolski, Esq. to William A. Mitchell, Esq., dated Jul 19, 2007.) Plaintiff ignores this aspect of the letter and instead urges the Court to follow his own untenable interpretation of the letter's import. The Court does not find that the letter has the evidentiary value that Plaintiff insists upon, and the Court further finds no error in the Magistrate Judge's consideration of the letter in issuing the report and recommendation. The Court will, accordingly, overrule Plaintiff's first objection.

**B. Objection No. 2: The Magistrate Judge Failed to Recognize an Exception to Pennsylvania's At-Will Doctrine for Termination Based on the Filing of Worker's Compensation Claims.**

Plaintiff next contends that the Magistrate Judge failed either to recognize or apply an established public policy exception to Pennsylvania's traditional at-will employment doctrine in cases where an employee is terminated for filing workers' compensation claims. Indeed, Plaintiff does not so much dispute Magistrate Judge Smyser's consideration of this issue as he insists on his own unpersuasive interpretation of the Pennsylvania Supreme Court's adoption of a narrow exception to the at-will employment doctrine. Plaintiff misunderstands the relevant legal principles and, as a result, argues in favor of an interpretation of Pennsylvania case law that is both unsupported and illogical.

In Pennsylvania, the general rule is that employees are employed "at will" and, accordingly, their employment may terminated for any reason or no reason at all. See Geary v. United States Steel Corp., 319 A.2d 174, 176 (Pa. 1974) ("Absent a statutory or contractual provision to the contrary, the law has taken for granted the power of either party to terminate an employment relationship for any or no reason."). Over time, Pennsylvania courts have recognized certain public policy exceptions to the at-will employment doctrine. See, e.g., Shick v. Shirey, 716 A.2d 1231, 1234 n.3 (Pa. 1998) (citing lower court cases recognizing exceptions). It is true that the Pennsylvania Supreme Court has recognized an exception that permits a terminated employee to bring a cause of action against an employer where the employee was terminated for exercising his statutorily conferred right to file a claim against the employer under Pennsylvania's workers' compensation statute. See Shick, 716 A.2d at 1238 ("[W]e hold that a cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a

6

claim for workers' compensation benefits."). Plaintiff interprets Shick to mean that any employee who has ever filed a claim for workers' compensation benefits, at any point during his employment, has an automatic cause of action for wrongful discharge if he is later terminated by his employer, even if the termination has nothing to do with the filing of workers' compensation claims.[1] Indeed, it appears Plaintiff believes that the singular fact of a workers' compensation claim creates a triable cause of action for wrongful discharge. Plaintiff is wrong.

Courts within this circuit interpreting Pennsylvania law have found that a plaintiff alleging wrongful discharge for filing workers' compensation claims must still present evidence to demonstrate a causal nexus between his workers' compensation claims and his later termination. See, e.g., Griesbaum v. Aventis Pharms., No. 3:CV-04-1726, 2006 U.S. Dist. LEXIS 68710, *11 (M.D. Pa. Sept. 25, 2006) (applying familiar McDonnell Douglas burden-shifting analysis to claims of retaliation based on the filing of workers' compensation claims), aff'd 259 F. App'x 459, 2007 U.S. App. LEXIS 29697 (3d Cir. Dec. 24, 2007); Christman v. Cigas Machine Shop, Inc., 293 F. Supp. 2d 538, 545 (E.D. Pa. 2003) ("The mere fact that an alleged discharge occurs subsequent to the filing of a [workers' compensation] claim is insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events."); cf. Gomez v. Con-Way Cent. Express Inc., No. 06-5352, 2009 U.S. Dist. LEXIS 23190, *36 (D.N.J. Mar. 24, 2009) (New Jersey law) (plaintiff must point to evidence to show nexus between workers' compensation claim and adverse employment action).

---

[1] At another point in his brief, relying on Shick, Plaintiff contends that his filing of workers' compensation claims has somehow caused him to be something other than an "at will" employee. (Doc. No. 44, at 7.) This is plainly incorrect and nothing in Shick supports this assertion.

7

In this case, Plaintiff has pointed to no probative evidence to show a causal nexus between his workers' compensation claims and his eventual discharge from employment. In an unsuccessful effort to show evidence of causality, Plaintiff has offered only his unpersuasive interpretation of a letter from Defendant's counsel, and the stray and speculative remarks offered by other employees who had no role in the ultimate decision to terminate him. The Court finds that this evidence is not relevant to create a genuine issue of material fact on Plaintiff's claim. In contrast, the record evidence shows that more than two years had elapsed since the time Plaintiff last sought and received workers' compensation benefits and his ultimate termination, which diminishes if not entirely forecloses Plaintiff's asserted causal connection. See, e.g., Griesbaum, No. 3:CV-04-1726, 2006 U.S. Dist. LEXIS 68710, at *12 (employee's termination one year after filing workers' compensation claim did not suggest causal connection); see also Williams v. Philadelphia Housing Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004) (finding period over two months between employee's protected activity and his termination was not sufficient, by itself, to establish a causal connection) . Additionally, the evidence shows that Defendant actually filed one or more workers' compensation claims on Plaintiff's behalf in order to protect his rights, which further erodes Plaintiff's argument regarding a causal nexus. See, e.g., Griesbaum, No. 3:CV-04-1726, 2006 U.S. Dist. LEXIS 68710, at *16 (no claim where employer filed claim on employee's behalf); cf. Christman, 293 F. Supp. 2d at 545 (employee unable to show pretext where employer tolerated prior workers' compensation claims). The Court agrees with the Magistrate Judge's finding that Plaintiff has failed to come forward with sufficient evidence to make out a prima facie case to show he was terminated for filing workers' compensation claims, and for this reason alone Defendant is entitled to summary judgment.

Plaintiff's second objection to the report and recommendation will therefore be overruled.

    **C.    Objection No. 3: The Magistrate Judge Failed to Consider Appropriately the Defendant's Retroactive Application of its Preventable Accident Policy Issued in February 2007.**

Plaintiff's third objection is, in essence, a recasting of an argument already made in his opposition to summary judgment. In sum, Plaintiff disputes Defendant's assertion that it terminated Plaintiff's employment pursuant to a preventable-accident policy established in February 2007, and he argues that the proffered reason for the termination was pretextual because the decision relied in part upon accidents Plaintiff had prior to the adoption of the policy. Plaintiff's argument is entirely predicated on his assertion that the policy was not supposed to be applied retroactively. Plaintiff's support for this assertion relies on the deposition testimony of two supervisory employees who said they did not believe the policy was to be retroactive in scope.

Preliminarily, the Court agrees with Defendant that Plaintiff's contention regarding pretext is irrelevant because Plaintiff has failed to show, in the first instance, that his workers' compensation claims were causally related to his eventual discharge. But even on its merits the argument fails because the evidence shows that the supervisory employees who offered their understanding of the policy were not, in fact, personnel charged with interpreting and applying it. Indeed, both of the supervisory employees who offered their understanding of the policy conceded that decisions regarding its application rested with corporate officials. Furthermore, the official charged with implementing and applying the policy attested that the policy applied retroactively. (Doc. No. 32, Ex. 1, Aff. of Bruce Livingston at ¶ 10.) The terms of the policy state that an employee with three or more accidents within three years may be terminated without

notice or progressive discipline, and the terms of the policy do not mandate that only accidents that occurred following adoption of the policy could be considered. It is undisputed that Plaintiff had eight accidents during his employment with Defendant and that he had three accidents within a three-year period, which the relevant evidence shows provides sufficient cause to terminate an employee under the policy.[2] Defendant has demonstrated that its policy applied retroactively and that Plaintiff was involved in at least three accidents within a three-year period that could lead to the termination of his employment under the policy. Accordingly, Plaintiff's third objection will be overruled.

> D. **Objection No. 4: The Magistrate Judge Failed to Give Appropriate Consideration to the Deposition Testimony of Rob Ward and Steve Reinick Regarding Their Belief as to the Reasons Plaintiff's Employment was Terminated.**

Plaintiff's final objection appears to be that because one of his supervisors, Rob Ward, testified that he believed Plaintiff's termination may have been due in part to his workers' compensation claims that this evidence is sufficient for Plaintiff's claim to survive summary judgment. This objection was already advanced in Plaintiff's original brief in opposition to summary judgment. The Court will overrule this objection because the testimony of Mr. Ward is too speculative to be probative and it is undisputed that Mr. Ward had no role in the decision to terminate Plaintiff's employment. The Third Circuit has noted that "stray remarks by non-decision makers or decisionmakers unrelated to the decision process are rarely given great weight . . . ." Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 545 (3d Cir. 1992). The fact that Mr. Ward's speculation was offered in the course of discovery rather than during Plaintiff's

---

[2] Notably, two of these accidents, which occurred in February and April 2007, did not lead to the filing of workers' compensation claims.

employment does not change the fact that it lacks foundation to provide material evidence of unlawful discharge.

Similarly, the Court finds the testimony of Steve Reinick, another of Plaintiff's supervisors not involved in the decision to terminate his employment, to be similarly speculative and insufficient to create a triable issue of fact. It is clear from the testimony of both Messrs. Ward and Reinick that they personally liked Plaintiff, that they believed Plaintiff to be a good employee, and that they disagreed with the decision to terminate Plaintiff's employment. It also appears that these men <u>believed</u> Plaintiff's workers' compensation claims may have contributed to his eventual discharge, but their testimony is ultimately nothing more than speculation or personal opinion and it lacks a sufficient evidentiary foundation to create a genuine issue of material fact regarding Defendant's proffered legitimate reason for Plaintiff's termination. Accordingly, the Court will overrule Plaintiff's fourth objection to the report and recommendation.

## V. **CONCLUSION**

Upon consideration of Defendant's motion for summary judgment, the Magistrate Judge's report and recommendation, and Plaintiff's objections thereto; and following an independent review of the evidence submitted in support of and opposition to the motion, the Court finds that Plaintiff's objections to the report and recommendation should be overruled and the motion granted. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KENNETH McDANNELL, | : | |
| --- | --- | --- |
| | : | Civil Action No. 1:07-CV-1821 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| THOS. SOMERVILLE CO., | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 3rd day of June 2009, upon consideration of Defendant's motion for summary judgment on Plaintiff's claim that he was wrongfully terminated for filing workers' compensation claims (Doc. No. 30); and upon consideration of the report and recommendation of Magistrate Judge J. Andrew Smyser recommending that the motion for summary judgment be granted (Doc. No. 42); and following a de novo review of the motion and Plaintiff's objections to the report and recommendation; and following a review of the evidence submitted by the parties; and for the reasons set forth in the attached memorandum; IT IS HEREBY ORDERED THAT:

1. Magistrate Judge Smyser's Report and Recommendation (Doc. No. 42) is ADOPTED.

2. Plaintiff's objections to the report and recommendation (Doc. No. 43) are OVERRULED.

3. Defendant's motion for summary judgment (Doc. No. 30) is GRANTED.

4. The Clerk of Court is directed to enter judgment in favor of Defendant and to close the file.

/s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania